UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BETH ELLEN SHIREY,              :
                                :
       Petitioner               :
                                :
   v.                           :   CIVIL NO. 4: CV-05-1459
                                :
SHIRLEY R. MOORE, ET AL.,       :   (Judge McClure)
                                :
       Respondents              :

## ORDER

December 7, 2005

### Background

Beth Ellen Shirey initiated this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. Since Shirey is attacking her criminal conviction which occurred in the Schuylkill County Court of Common Pleas, the matter was transferred to this Court. Service of the petition was previously ordered.

After being granted an enlargement of time, Respondents filed a response to the petition on November 28, 2005. The response argues that Shirey is not entitled to federal habeas corpus relief on the grounds that her petition "is untimely on its face." Record document no. 9, ¶ V. Respondents add that since Petitioner's

1

claims were procedurally defaulted, they are barred from consideration by this Court. It is also argued that the petition lacks arguable merit.

On December 5, 2005, counsel entered an appearance on behalf of Shirey. The next day Petitioner's counsel filed a request for enlargement of time in which to submit an amended petition and/or permission to withdraw the petition without prejudice to re-file. See Record document no. 13. Petitioner clearly acknowledges that the Commonwealth seeks dismissal of this matter in part on timeliness and procedural default grounds. See id. at ¶ 11. In response to those arguments, Petitioner asserts that Shirey's new or amended petition will: (1) seek equitable tolling based on newly discovered evidence/actual innocence; and (2) satisfy the cause and prejudice standard required to overcome the procedural default hurdle.

**Discussion**

As her initial option, Petitioner requests a ninety (90) day enlargement of time in which to file an amended petition. Shirey acknowledges that either a new or amended petition would have to seek equitable tolling and satisfy the cause and prejudice standard required to overcome the issue of procedural default. Based on that representation, it makes no difference whether Petitioner proceeds with an amended petition or the initiation of a new action. However, it would be

inappropriate for this Court to delay disposition of Shirey's pending matter for a prolonged, if not indefinite, period of time.  Consequently, the request for a ninety (90) day enlargement of time in which to file an amended petition will be denied.

Since Petitioner has indicated that she does not wish to proceed with her action as filed, this Court will grant her request to withdraw her pending § 2254 petition without prejudice.  Shirey, if she so chooses, may file a new petition.  The Petitioner is forewarned that her new petition will have to address the timeliness and procedural default issues raised by the Commonwealth.

The court also notes that petitioner's counsel has not as yet been admitted to practice before this court.  He should remedy that by filing a petition for special or general admission before filing a new habeas corpus petition.  The clerk's office will provide him with the necessary forms.  They are also available on the website at **www.pamd.uscourts.gov.**

Counsel is also advised that the court on March 3, 2003 established an electronic case filing system and adopted electronic case filing policies and procedures to govern the program.  If counsel wishes to practice in this court, he must register as an electronic case filer or show cause to the chief judge why he should not be required to so register.  See Standing Order No. 04-07.

Finally, counsel is requested to refrain from corresponding directly with the court, as the court rarely takes any action based on correspondence.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Shirey's petition (Record document no. 13) to permit the withdrawal of her action without prejudice is construed as a request for voluntary dismissal.

2. Petitioner's request for voluntary dismissal is granted without prejudice.

3. The Clerk of Court is directed to close the case.

      s/ James F. McClure, Jr.
     JAMES F. McCLURE, JR.
     United States District Judge